IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

---------------------------------------------------

WILLIE CARTER, III,

                         Petitioner

         -vs-

NORMAN ROBINSON,

                        Respondent.

---------------------------------------------------

: CASE NO. 3:12 CV 00632
:
:
:
:
:
: MEMORANDUM AND ORDER
:
:
:
:
:

UNITED STATES DISTRICT JUDGE LESLEY WELLS

Pursuant to Local Rule 72.2(b)(2), the instant pro se petition for the writ of habeas corpus was referred to United States Magistrate Judge Vernelis K. Armstrong for report and recommendation ("R&R"). On 19 February 2013, the Magistrate Judge recommended that the petition be dismissed. (Doc. 10). The petitioner Willie Carter, III, (hereinafter "petitioner") now objects. (Doc. 15). For the reasons that follow, the objections will be overruled, the R&R will be adopted with modifications, and the petition dismissed.

**I. Background**

In the fall of 1996, the petitioner, a so-called "Grand Sheik" in a criminal organization called the Blackstone Rangers, strangled a prospective member with a belt. After he was implicated in a second strangling death, a Lucas County grand jury indicted the petitioner on a number of criminal charges. In January 1997, he was

convicted of two counts of aggravated murder, aggravated robbery, burglary, conspiracy to commit aggravated murder, and carrying a concealed weapon. He was sentenced to several consecutive terms of imprisonment, including two life terms.

In September 1997, the petitioner filed a direct appeal, arguing that he was denied effective assistance of counsel; and that the trial court erred by failing to sever his co-defendants. (Doc. 9, Ex. 9, 10). In March 2000, the court of appeals affirmed his convictions. (Doc. 9, Ex. 14). The petitioner did not pursue an appeal with the Ohio Supreme Court.

In November 2010, the petitioner filed for post-conviction relief, arguing that the sentences imposed for aggravated murder and burglary were void, because the trial court failed to impose a statutorily mandated term of post-release control. On 3 January 2011, the court re-sentenced him by video conference, imposing the same terms of imprisonment along with the required post-release control restrictions. The petitioner appealed through counsel. While his appeal was pending, his attorney was granted leave to withdraw from representation. After the court of appeals denied the petitioner relief, he appealed pro se to the Ohio Supreme Court. He argued that the trial court violated state law when it failed to sentence him de novo; and that his right to due process and his right to counsel were violated when the court of appeals failed to appoint new counsel during post-conviction proceedings. On 18 January 2012, the Ohio Supreme Court denied him leave to appeal.

On 14 March 2012, the petitioner filed the instant pro se petition for the writ of habeas corpus. He asserts two grounds for relief:

2

> Ground One: Conviction obtained in violation of Sixth and Fourteenth Amendment[s] to the United States Constitution with respect to "penalty phase errors" rendering the resulting attempted judgment void ab initio.
>
> Ground Two: Conviction obtained in violation of Sixth Amendment right to counsel and Fourteenth Amendment right to due process of law.

(Doc. 1, pp. 6, 11).

On referral, the Magistrate Judge issued an R&R recommending that the Court dismiss the petition. Specifically, the Magistrate Judge determined that the petitioner's first ground for relief was procedurally defaulted, because the state courts decided the issue on an adequate and independent procedural ground. Because the petitioner did not show cause and prejudice for his default, the Magistrate Judge recommended dismissing the claim.

The Magistrate Judge then interpreted the petitioner's second ground for relief as two separate claims: (a) that the petitioner was denied the right to appointment of counsel, and (b) that the petitioner's counsel was ineffective. The Magistrate Judge considered the appointment of counsel claim on the merits and rejected it. The Magistrate Judge concluded that the ineffective assistance of counsel claim was procedurally defaulted. The petitioner has filed timely objections.

## II. Discussion

This Court makes "a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge." Local Rule 72.3(b). The failure by either party to file specific objections constitutes a waiver of the right to appeal the Magistrate Judge's

3

recommendations. Thomas v. Arn, 474 U.S. 140, 155 (1985); Howard v. Sec'y of Health & Human Servs., 932 F.2d 505, 508–09 (6th Cir.1991). "The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." Miller v. Currie, 50 F.3d 373, 380 (6th Cir.1995). "The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." Cole v. Yukins, 7 F. App'x. 354, 356 (6th Cir. 2001) (citing Miller, 50 F.3d at 380). In the absence of objections, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b) advisory committee's note.

In this instance, the petitioner filed timely objections to the R&R, but his objections do not meet the specificity requirement of 28 U.S.C. § 636. Although he "strongly avers" that the R&R is "clearly erroneous," he fails to provide a single focused argument as to why this is the case. Instead, he offers a collection of snippets of case law, mostly out of Ohio state courts, that bear little relation to the specific issues that are presently before the Court. As a consequence, the Court concludes that the petitioner's vague, general, and conclusory objections are the equivalent to having filed no objection at all.

Further, having reviewed de novo the materials before it, the Court agrees with the Magistrate Judge that the instant petition must be dismissed. However, the Court's opinion differs with that of the Magistrate Judge as to why dismissal is warranted. The Magistrate Judge's recommendations will be adopted subject to the following clarifications.

4

First, the Court declines to adopt the Magistrate Judge's analysis relating to whether the state courts decided the petitioner's "penalty phase error" claim and his ineffective assistance of counsel claim on "adequate and independent state law grounds," pursuant to Maupin v. Smith, 785 F.2d 135, 138 (6th Cir. 1986). Rather, it is the Court's view that the petitioner's procedural default on these claims arises from his failure to "fairly present" them to the state courts. Habeas review is proper only after a habeas petitioner has exhausted state court remedies by "fairly present[ing] all his claims to the highest court in the state in which he was convicted." See Slaughter v. Parker, 450 F.3d 224, 235-36 (6th Cir. 2006). In this instance, the record indicates that the Ohio Supreme Court was not afforded the opportunity to decide either federal constitutional issue presently raised by the petitioner.

The consequence of failing to fairly present these claims at the state level depends on whether the petitioner has any state remedies remaining. Where a remedy still exists, "a petition containing at least one issue which was not presented to the state courts must be dismissed for failure to comply with the total exhaustion rule." Rust v. Zent, 17 F.3d 155, 160 (6th Cir. 1994) (citing Rose v. Lundy, 455 U.S. 509, 522 (1982)). However, "[i]f no remedy exists, and the substance of the claim has not been presented to the state courts, no exhaustion problem exists; rather, it is a problem of determining whether cause and prejudice exist to excuse the failure to present the claim in state courts." Id.

In this instance, neither party indicates whether any remedy still exists at the state level, and, based on the record, it is apparent that none do. The petitioner's case has seen full course of post-conviction proceedings, and his time to file a direct appeal

5

with the Ohio Supreme Court has long expired. Therefore, and because the petitioner has not shown cause and prejudice for failing to raise these claims before the state courts while state-court remedies were still available, they are procedurally defaulted and may not be considered on habeas review. See Seymour v. Walker, 224 F.3d 542, 549-50 (6th Cir. 2000).

Further, the Magistrate Judge correctly concluded that the state appellate court was under no constitutional obligation to appoint counsel during post-conviction proceedings in this instance. There is no constitutional right to an attorney in state post-conviction proceedings. Pennsylvania v. Finley, 481 U.S. 551 (1987). Therefore, the petitioner has failed to demonstrate how the state court rendered a decision contrary to, or involving an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States.

### III. Conclusion

For the reasons stated above, the petitioner's objections are overruled, the R&R is adopted insofar as it is consistent with this opinion, and the petition is dismissed. This Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

UNITED STATES DISTRICT JUDGE

Date: May 28, 2013